UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24005-CIV-GAYLES/MCALILEY

MARK A. TURNER,

    Plaintiff,

vs.

CHARTER SCHOOLS USA, INC, *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff Mark A. Turner filed a motion for leave to file a sur-reply in support of his opposition to Defendants Charter Schools USA Inc.'s and Keys Gate Charter School's Motion for Summary Judgment. (ECF No. 203). Plaintiff seeks permission to file a 19-page sur-reply, nearly double the allowable limit for a reply memorandum, because Defendants allegedly "raised several issues for the first time, relying on three cases not previously discussed in their Motion to Dismiss [sic]." (*Id.* at 3).

The Motion is filled with errors and unsupported assertions. Plaintiff relies upon "Local Rule 1.10, 15," yet there is no such rule (or rules) in this Court's Local Rules. Plaintiff references Defendants' "Motion to Dismiss" even though there is no such motion pending. He does not identify the issues Defendants allegedly raised for the first time in their Reply, nor the cases Defendants improperly relied upon. That Defendants cited different cases in their Reply, than they cited in their Motion, is to be expected and does not, by itself, justify a sur-

1

reply.

Plaintiff then asserts that "two of those cases, including one which the *United States* believes supports our position, were *issued after* the Plaintiff submitted its Opposition" and Plaintiff "seeks a fair opportunity to respond to the new cases cited by Defendants in their Reply." (*Id.*) (emphasis added). This assertion is entirely unsupported. The United States is not a party to this action. The Court has carefully reviewed Defendants' Reply, and none of the cases cited therein were issued after Plaintiff filed his Opposition. Moreover, the Reply is properly limited to the arguments that Plaintiff raised in his Opposition.

Not long ago the Court urged Plaintiff to read Rule 11 of the Federal Rules of Civil Procedure and warned Plaintiff that he must meet his obligations under that Rule. [ECF No. 171]. The inaccurate statements in the Motion for Leave are not consistent with the careful review all parties and lawyers must make of any pleading, before they file it with the Court.

For these reasons, Plaintiff has not demonstrated that a sur-reply is warranted, and a sur-reply would not aid the Court. Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Leave to File Sur-Reply [ECF No. 203], and **STRIKES** Plaintiff's Sur-Reply in Opposition to Defendant Keys Gate Charter School and Charter School USA's Reply For Summary Judgment [ECF No. 204].

DONE and ORDERED in chambers at Miami, Florida this 29th day of October, 2019.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Darrin P. Gayles
    Counsel of Record
    Mark A. Turner, Plaintiff