UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24005-GAYLES/MCALILEY

**MARK A. TURNER,**

       **Plaintiff,**

v.

**CHARTER SCHOOLS USA, INC., et al.,**

       **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Mark Turner's Appeal [ECF Nos. 207, 212, 213] of Magistrate Judge Chris McAliley's Order Denying Motion for Leave to File Sur-Reply (the "Order") [ECF Nos. 205, 211].[1] The Court has considered the Order, the Appeal, the record, and the applicable law, and is otherwise fully advised. For the following reasons, Mr. Turner's Appeal is denied.

A party may file an appeal detailing specific objections to a magistrate judge's nondispositive pretrial order. Upon review, the district court is required to consider the objections and must set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)

---

[1] A review of the record indicates that Mr. Turner twice-filed a Motion for Leave to File Sur-Reply [ECF No. 203, 209], both of which Magistrate Judge McAliley denied [ECF Nos. 205, 211]. Mr. Turner's Appeal spans three separate docket entries [ECF Nos. 207, 212, 213], none of which clearly delineate which Order is at issue. Accordingly, the Court shall consider both Orders in its review, as the Court's conclusion remains the same regardless.

(citation and internal quotation marks omitted). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Root ex rel. A.R. v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015) (citation and internal quotation marks omitted). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012).

Mr. Turner argues that Magistrate Judge McAliley had no jurisdiction to enter her Order under 28 U.S.C. § 636(b)(1)(A), as the Order related to a dispositive motion. However, the Court referred the matter to Magistrate Judge McAliley for all pre-trial matters under 28 U.S.C. § 636(b)(1)(B), which requires the Magistrate Judge to issue an Order on all non-dispositive pre-trial matters and a Report and Recommendation for this Court's consideration on all dispositive pre-trial matters. [ECF No. 76]; *see* 28 U.S.C. § 636 (b)(1)(B) ("[A] judge may [] designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion [for summary judgment] . . . ."). Upon review of the record, the Court finds no error with Magistrate Judge McAliley's ruling here.

## CONCLUSION

Accordingly, Mr. Turner's Appeal [ECF Nos. 207, 212, 213] is **DENIED** and the Magistrate Judge's Order [ECF Nos. 205, 211] is **AFFIRMED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE