UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24005-CIV-GAYLES/MCALILEY

MARK A. TURNER,

      Plaintiff,

vs.

CHARTER SCHOOLS USA, INC, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON RULE 11 SANCTIONS

Defendants City of Homestead and Homestead Police Department (together, "Homestead Defendants") filed a Rule 11 Motion for Sanctions, which the Honorable Darrin P. Gayles referred to me. (ECF Nos. 76, 215). Plaintiff Mark A. Turner filed a response, (ECF Nos. 223), and the Homestead Defendants recently filed a supplement to their Rule 11 Motion, (ECF No. 300). For the reasons that follow, I recommend that the Court grant the Motion.

## I.    Background

Plaintiff, acting *pro se*, filed a complaint against multiple parties.[1] This included claims against Homestead Police Department for malicious prosecution, false imprisonment, false arrest and violation of 42 U.S.C. § 1983, all based on the alleged

---

[1] Plaintiff filed suit in state court, and Defendants removed the action to this Court.

actions of one of its police officers, Officer Duckworth. (ECF No. 1). Plaintiff alleged that Homestead Police Department was "vicariously liable under the doctrine of respond eat [sic] superior" for Officer Duckworth's actions. (*Id*. at Counts 4-6, 8-9). Homestead Police Department filed a Motion to Dismiss that argued, among other things, that it is not a proper defendant because, under Florida law, police departments cannot sue or be sued. (ECF No. 6 at 5). Homestead Police Department provided quotations from and citations to binding legal authority. (*Id*.).

Homestead Police Department also argued that, to the extent Plaintiff alleged that Officer Duckworth violated Plaintiff's constitutional rights, neither Homestead Police Department nor the City of Homestead could be held liable for the Officer's actions. (*Id*. at 6-7). It accurately cited Supreme Court and Eleventh Circuit decisions that make this clear. (*Id*.). In particular, Homestead Police Department quoted the Supreme Court's seminal decision in *Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978), which held that "a municipality cannot be held liable under 1983 on a respondeat superior theory." (ECF No. 6 at 7). Homestead Police Department also quoted the Eleventh Circuit's decision in *Denno v. School Board of Volusia County*, 218 F.3d 1267, 1276 (11th Cir. 2000), that a municipality can only be liable for constitutional torts which "result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-established that it assumes the force of law." (ECF No. 6 at 7).

Plaintiff filed a response to the Motion to Dismiss that demonstrated his ability to do legal research and analysis. He included extensive citation to legal authority to support

his argument that the Court should liberally construe the complaint because he is a *pro se* litigant, and that the Court cannot enter dismiss his lawsuit because he has not had an adequate opportunity to conduct discovery. (ECF No. 10 at 2-3, 15-20). Plaintiff did not address the law that Homestead Defendants cited, that it could not be sued or held vicariously liable for Officer Duckworth's alleged actions. Before the Court ruled on the motion to dismiss, Plaintiff requested and received leave to file an amended complaint to add, among others, the City of Homestead as a defendant. (ECF Nos. 20, 27).

A. The Amended Complaints

Plaintiff filed a First Amended Complaint with the same claims against Homestead Police Department. (ECF No. 37). Plaintiff added City of Homestead as a defendant in the case caption, but he did not include any actual allegations or seek relief against the City. Homestead Police Department again filed a motion to dismiss, that made the same arguments noted above. (ECF No. 43). In particular, Homestead Police Department again argued that under both federal and state law, it cannot be sued and cannot be held vicariously liable for the actions of Officer Duckworth. (*Id*. at 5-6, 10-12). It repeated its discussion of *Monell* and *Denno* (*id.* at 12), and included a discussion of Florida Statutes § 768.28(9)(a), which expressly bars municipal liability for acts or omissions of an officer "committed in bad faith or with malicious purpose…." (*Id*. at 10). Homestead Police Department noted that Plaintiff alleged that Officer Duckworth acted "in malice", thus making it clear that § 768.28(9)(a) protected the Department from liability for the Officer's alleged malicious actions. (*Id*.).

In his response Plaintiff stated that he addressed Homestead Police Department's

3

argument that it cannot be sued by "amend[ing] his lawsuit to include the 'City of Homestead,'" which is liable "under the doctrine of respondent superior … because it has administrative control and government [sic] over the Homestead police department." (ECF No. 44 at 5). He chose to not address the binding cases the Department cited, that plainly establish that neither Homestead Police Department nor the City can be vicariously liable under the facts that Plaintiff alleged. As before, Plaintiff cited extensive legal authority to argue that a decision on his lawsuit was is premature.

Before the Court ruled on the motion to dismiss, Plaintiff requested leave to file a second amended complaint, which the Court granted. (ECF No. 105). Plaintiff filed his Second Amended Complaint, which was substantively identical to his prior complaints, except that he properly joined City of Homestead as a defendant. (ECF No. 112). At that time, the Court's deadline for dispositive motions was only two months away. At my suggestion, the Homestead Defendants reserved the arguments they had twice raised in their motions to dismiss for summary judgment, and they answered the Second Amended Complaint (ECF No. 126).

### B.  Summary Judgment and Rule 11 Motions

Following the close of discovery, the Homestead Defendants filed a motion for summary judgment on all claims raised against them. (ECF Nos. 192). Homestead Defendants made the same arguments asserted in the prior motions to dismiss, as well as new arguments directed to the merits of each claim. Plaintiff filed an opposition, arguing that disputes of material fact precluded summary judgment, demonstrating that he understood the legal principles of summary judgment. (ECF No.194). He responded to

Homestead Police Department's argument that it is not a proper party by asserting, without support, that "there are a plethora of lawsuits and civil actions in common law where defendants have been awarded settlements and prevailed against law enforcement agencies on the merits of the case in Florida." (*Id*. at 3). As for Homestead Defendants' argument that they cannot be vicariously liable under Florida law, Plaintiff cited Florida Statutes § 768.28(9)(a) and inaccurately quoted it, to state that "sovereign immunity is not applicable in this instant action…." (*Id*. at 20). Once again, Plaintiff completely ignored Homestead Defendants' argument that they cannot be vicariously liable under federal law, given the binding decisions in *Monell* and *Denno*.

After Plaintiff filed his summary judgment opposition, Homestead Defendants served him with the Rule 11 motion now before the Court. (ECF No. 215 at 17). Homestead Defendants argued that Plaintiff's claims are frivolous for the reasons that they argued in their earlier motions. (ECF No. 215). In particular, they argued that well-established precedent, cited in their motions to dismiss and motion for summary judgment, demonstrate that Homestead Police Department cannot be sued, and that the Homestead Defendants cannot be held vicariously liable for Officer Duckworth's actions. They further argued that Plaintiff did not offer any authority to rebut these arguments. Plaintiff did not withdraw his claims against the Homestead Defendants after being served with their Rule 11 Motion.

After the Homestead Defendants' motion for summary judgment was fully briefed, I entered a report that recommended that the Court grant the motion in full. (ECF No. 230). I concluded that Homestead Police Department cannot be sued based upon well-established

law. (*Id.* at 10). I also concluded that Plaintiff's § 1983 claim fails as a matter of law because "[t]he United States Supreme Court in *Monell v. Department of Social Services of City of New York* made clear that a municipality may not be liable under theories of vicarious liability or respondeat superior for constitutional violations under section 1983." (*Id.* at 18). In addition, I found that Plaintiff did not identify any unconstitutional policy, custom or practice of Homestead Police Department -- in fact, Plaintiff readily admitted that he was not aware of any such policies, customs or practices -- and this was yet another reason why the Homestead Defendants could not be liable. (*Id.* at 19-20).

With respect to Plaintiff's state law claims, I concluded that they failed under Florida Statutes § 768.28(9)(a), because Plaintiff continued to allege that Officer Duckworth acted in malice. That statue plainly provides that "[t]he state or its subdivisions *shall not be liable in tort* for the acts or omissions of an officer…committed in bad faith *or with malicious purpose*…." Fla. Stat. § 768.28(9)(a) (emphasis added). In sum, I recommended that the Court grant summary judgment to the Homestead Defendants for the same reasons, among others, that they repeatedly brought to Plaintiff's attention starting early in this lawsuit.

Plaintiff filed a 42-page Objection to my Report and Recommendation filled with legal authority, none of which addressed the well-established principles that defeated Plaintiff's claims. (ECF No. 241). Judge Gayles adopted my Report and Recommendation and entered final judgment in favor of the Homestead Defendants. (ECF No. 249, 259). Plaintiff filed an appeal, and the Eleventh Circuit affirmed this Court's entry of summary judgment. *See Turner v. Homestead Police Department*, No. 20-10577, 2020 WL 5587674,

at *1 (11th Cir. Sept. 18, 2020). The Eleventh Circuit agreed that Homestead Police Department is not an entity subject to suit, and that the Homestead Defendants could not be held vicariously liable under section 1983. *Id*. at *2, *4. The Eleventh Circuit further agreed that Plaintiff failed to establish municipal liability because he did not allege or show that Officer Duckworth's actions were the result of a municipal policy or custom. *Id*. at *4.[2]

Plaintiff filed a response to the Rule 11 motion in which he attempts to show factual support for his claims, but does not justify any legal basis for suing Homestead Police Department or claiming that the Homestead Defendants are liable for Officer Duckworth's alleged actions. (ECF No. 223). He again misquotes Florida Statutes § 768.28(9)(a) and even cites *Monell*, yet inexplicably continues to argue that the Homestead Defendants are liable under the doctrine of respondeat superior. For the reasons explained below, I conclude that Plaintiff has violated Rule 11 and that sanctions are warranted.

## II.   Analysis

Rule 11 of the Federal Rules of Civil Procedures provides that "[b]y presenting to the court a pleading, written motion or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances…the claims…and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

---

[2] In light of these holdings, the Eleventh Circuit declined to reach the other reasons the Court granted summary judgment, including Florida Statutes § 768.28(9)(a). *See Turner*, 2020 WL 5587674 at *2 n.1.

reversing existing law or for establishing new law….” Fed. R. Civ. P. 11(b)(2). “Rule 11 applies to pro se plaintiffs, but the court must take into account the plaintiff’s pro se status when determining whether the filing was reasonable.” *Meidinger v. Healthcare Indus. Oligopoly*, 391 Fed. App’x 777, 778 (11th Cir. 2010) (citation omitted). A violation of Rule 11(b) gives rise to the imposition of “appropriate” sanctions. *See* Fed. R. Civ. P. 11(c)(1).

Courts conduct “a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party’s claims are objectively frivolous; and (2) determining whether counsel [or a *pro se* party] should have been aware that they were frivolous.” *Adams v. Austal, U.S.A., LLC*, 503 Fed App’x 699, 703 (11th Cir. 2013) (citation omitted). With respect to the first step, a legal claim is frivolous if no reasonably competent attorney or *pro se* party could conclude that it has any “reasonable chance of success” or that there is a reasonable argument to change existing law. *Hill v. Davis*, No. 18-00287, 2019 WL 1416476, at *11 (S.D. Ala. March 6, 2019) (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). As for the second step, courts determine whether the non-movant would have been aware that his claims were frivolous “had he made a reasonable inquiry.” *Id*. at 1254.

Regarding the first step, Plaintiff’s claims against the Homestead Defendants were objectively frivolous. The law is clear that Homestead Police Department does not have the capacity to be sued, and that the Homestead Defendants cannot be vicariously liable for Plaintiff’s state law or § 1983 claims. *See Fla. City Police Dep’t v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995); *Monell*, 436 U.S. at 694; Fla. Stat. § 768.28(9)(a). Plaintiff simply ignored these legal principles when the Homestead Defendants brought them to

8

Plaintiff's attention in their motions, and he made no argument, much less a reasonable one, that this Court should change this well-established law. These doctrines are so established, that no reasonably competent *pro se* party could conclude that Plaintiff's claims had a reasonable chance of success or that there is a reasonable argument to change existing law. *Worldwide Primates, Inc.*, 87 F.3d at 1254.

Turning to the second step, I conclude that had Plaintiff made a reasonable inquiry, he should have been aware that his claims were frivolous. On multiple occasions, the Homestead Defendants clearly set out the law, including quotations from binding court decisions, that plainly showed Plaintiff could not hold the Homestead Defendants liable for the Officer's alleged conduct, and could not sue Homestead Police Department. (ECF Nos. 6, 43, 192, 215).

When it grated summary judgment this Court itself clearly explained that Homestead Police Department did not have the capacity to be sued, and that the Homestead Defendants could not be liable under binding Florida and federal law for Officer Duckworth's alleged actions. (ECF No. 230). Remarkably, even then, Plaintiff continued to pursue these meritless claims by filing lengthy objections and an appeal to the Eleventh Circuit.

A party's compliance with Rule 11 is not measured solely at the time of filing, *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997), and a party can be subject to sanctions "for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 Advisory Committee Note (1993); *see also Woodhull v. Mascarella*, No. 1:15-cv-280-MW-GRJ, 2016 WL 3660527, at * 2 (N.D. Fla. May 26, 2016), *report and recommendation*

*adopted by Woodhull,* No. 1:15-cv-280-MW-GRJ, 2016 WL 3661390 (N.D. Fla. July 5, 2016) ("Rule 11 sanctions are appropriate where an attorney or party continues to pursue an action that is no longer supported in law or fact, regardless of whether it was reasonable to file the claim in the first instance.") (citation omitted).

In evaluating this Motion I gave a lot of thought to the fact that Plaintiff represented himself. If this were a close call, or had Defendants never given Plaintiff the explicit legal authority that showed that his claims had no merit, I may have found that the record did not support the second step of the Rule 11 inquiry.  But the law is clear and Plaintiff was given that law early in the case, and on many occasions. Throughout this lawsuit Plaintiff showed the Court that he is intelligent and capable, and able to conduct legal research and read and analyze statutes and cases. (*See e.g.*, ECF Nos. 10, 44, 194, 223). Plaintiff even cited *Monell* and Florida Statute §768.28(9)(a), which plainly barred his claims. (ECF Nos. 194 at 20, 223 at 2-3, 5-6). The standard under Rule 11 is an objective one, and on this record, had Plaintiff made a reasonable inquiry - i.e., read the cases cited to him - he would have been aware that his claims were frivolous.

A party's *pro se* status does not allow him to turn a blind eye when it becomes clear that his claims are not viable. *See Farguson v. MBank Houston, N.A..*, 808 F.2d 358, 359 (5th Cir. 1986) ("That his filings are pro se offers [plaintiff] no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). As Judge Posner aptly explained, "when a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions

should be imposed…It is no defense that the pro se litigant may not have thought his cause was hopeless…it is enough that a reasonable person in his position would have known that he had no basis for [pursing his claims]." *Bacon v. Am. Fed'n of State, Cty., & Mun. Employees Council*, 795 F.2d 33, 35 (7th Cir. 1986).

For all of these reasons, I conclude that Plaintiff violated Rule 11(b)(2) because a reasonable person in his position would know that the claims against the Homestead Defendants were not warranted by existing law, or by a nonfrivolous argument for extending, modifying or reversing existing law. *See e.g., Woodhull*, 2016 WL 3660527 at * 4 (imposing sanctions against *pro se* litigant who knew claims "had no arguable legal basis"); *Hill*, 2019 WL 1416476 at *3 (concluding that *pro se* "Plaintiff's continued pressing of this action require[s] the imposition of sanctions" where a reasonable litigant would have known that claims did not have any likelihood of success).

Having found that Plaintiff violated Rule 11, the Court must decide what sanction is appropriate. "The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (quotation marks and citation omitted). A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "[T]he selection of the type of sanction to be imposed lies with the district court's sound exercise of discretion." *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987) (citation omitted). In making this determination, "the court should consider the nature of the violation, the circumstances in which it was committed, the circumstances (including the financial state) of the individual

to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future." *Eye v. Cohn*, No. 11-cv-61584, 2011 WL 5508484, at *4 (S.D. Fla. Nov. 8, 2011) (citation omitted).

Having considered these factors and the record as a whole, I conclude that the most effective sanction to deter Plaintiff from further abuse of the judicial system is to restrict his ability to file future lawsuits. Although the Homestead Defendants ask that Plaintiff pay their attorneys' fees, I do not believe that a monetary sanction is the most effective means of deterrence. The Court has already imposed a monetary sanction on Plaintiff for abuse of the discovery process, (ECF No. 262). Plaintiff has not paid that sanction and, equally troubling, it has only led to further litigation, which continues to drain the resources of the Court and the Homestead Defendants.[3] Rather than deter Plaintiff's litigious tendencies,[4] a monetary sanction seems to have the opposite effect.

Plaintiff has shown that he will persist in making claims that are wholly without legal support, even after this is brought to his attention. Although "courts cannot construct blanket orders that completely close the courthouse doors to those who are extremely litigious[,]… courts may take other, more creative, actions to discourage hyperactive litigators as long as some access to the courts is allowed." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir.1991). For the reasons set forth above, I

---

[3] Plaintiff appealed the Order imposing sanctions and filed a motion to stay execution of the Order, (ECF Nos. 263, 264, 266, 275), and Homestead Defendants filed a Motion for Order to Show Cause why Plaintiff should not be held in contempt for failing to comply with the Order, (ECF No. 300), all of which gave rise to response and reply memoranda.

[4] This is not the first lawsuit Plaintiff has filed *pro se*. *See e.g. Tuner v. CVS Pharmacy, et al.,* Case No. 16-CV-20522-COOKE/TORRES.

recommend that the Court enter an order that prohibits Plaintiff from prosecuting future lawsuits in this District without counsel, unless the presiding judge authorizes him to do so after receiving copies of this report and recommendation and the Court's order adopting it (assuming the Court agrees with this recommendation). *See Tobias v. Two Records of Lien*, No. 6:01-cv-579, 2001 WL 1871161, at *4 (M.D. Fla. Nov. 13, 2001) (collecting cases); *Eye*, 2011 WL 5508484 at *5). I further recommend that the Court order Plaintiff to file copies of this report and recommendation, and the Court's order adopting it, with any future *pro se* complaints he files in <u>any</u> court.

## III.   Conclusion and Recommendation

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court: (1) **GRANT** City of Homestead's and Homestead Police Department's Rule 11 Motion for Sanctions (ECF No. 215); (2) enter an Order directing the Clerk of Court to accept any future complaint filed *pro se* by Mark A. Turner only on the condition that the presiding judge receive copies of this report and recommendation, and the Court's order adopting it, and thereafter enters an order authorizing Mark A. Turner to proceed without counsel; and (3) enter an Order requiring Plaintiff to file copies of this report and recommendation, and the Court's order adopting it, with any future *pro se* complaints he files in any court.

## IV.   Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Darrin P. Gayles, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those

13

objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 30th day of October, 2020.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Darrin P. Gayles
    Counsel of record
    Mark Turner, *pro se*