UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24005-CIV-GAYLES/MCALILEY

MARK A. TURNER,

    Plaintiff,

vs.

CHARTER SCHOOLS USA, INC, *et al.*,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION ON MOTION TO TAX COSTS**

Defendants City of Homestead and Homestead Police Department filed a Motion to Tax Costs, which the Honorable Darrin P. Gayles referred to me. (ECF Nos. 269, 284). The Motion is fully briefed. (ECF Nos. 271, 274, 282).[1] For the reasons that follow, I recommend that the Court grant the Motion in part.

**I.**    **Background**

Plaintiff filed a complaint in Miami-Dade County Circuit Court against Charter Schools USA, Inc. and Homestead Police Department for defamation, slander, libel, malicious prosecution and false imprisonment, which Homestead Police Department timely removed to this Court. (ECF No. 1). Plaintiff later filed a Second Amended

---

[1] Plaintiff filed an "Objection and Request for Removal" of the Motion, which the Court construes as a response, as well as a motion for leave to file a sur-reply. (ECF Nos. 271, 282). By separate order, I have granted Plaintiff's motion to file a sur-reply, (ECF No. 317), and carefully considered it in my analysis of the Motion.

Complaint, adding City of Homestead and Keys Gate Charter School as defendants, and raising additional claims against all parties. (ECF No. 112). Following the close of discovery, City of Homestead and Homestead Police Department (together, the "Homestead Defendants") and Charter Schools USA, Inc. and Keys Gate Charter School (together, the "School Defendants") each filed a motion for summary judgment, contending that they were entitled to judgment as a matter of law on all claims raised against them. (ECF Nos. 190, 192).

Upon referral from Judge Gayles, I issued a Report and Recommendation, that recommended that the Court grant both motions for summary judgment. (ECF No. 230). Judge Gayles adopted my Report and Recommendation in full and entered an Order granting Defendants' motions for summary judgment. (ECF No. 249). The Homestead Defendants filed a motion for reconsideration, that asked Judge Gayles to amend that part of his summary judgment Order which denied as moot Homestead Defendants' Motion for Sanctions and Attorneys' Fees, (ECF No. 136), and their Rule 11 Motion, (ECF No. 215) (together, the "Sanctions Motions"). (ECF No. 250). Judge Gayles granted the Motion for Reconsideration and entered an Amended Order, again adopting my Report and Recommendation in full, granting Defendants' motions for summary judgment, and denying all motions as moot except for the Sanctions Motion. (ECF No. 257)

On April 6, 2020, the Court entered Final Judgment in favor of all Defendants and against Plaintiff on all claims raised in the Second Amended Complaint, and reserved jurisdiction to award attorneys' fees and costs in favor of Defendants and to rule on Homestead Defendants' Sanctions Motions. (ECF No. 259). On May 5, 2020, Homestead

Defendants filed the instant motion to tax costs. (ECF No. 269).[2]

## II. Analysis

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Homestead Defendants are the prevailing party because the Court entered final judgment in their favor on all claims asserted against them. Title 28 U.S.C. § 1920 sets forth what items may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. As the prevailing party, Homestead Defendants "bear[] the burden of submitting a request for costs that will enable the Court to determine what costs were incurred and whether [Homestead Defendants are] entitled to them." *Santana v. RCSH Operations LLC*, No. 10-61376-CIV, 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012)

---

[2] Contrary to Plaintiff's argument, (ECF No. 271), the Motion to Tax Costs is timely because it was filed within 30 days after entry of final judgment, as required under Local Rule 7.3(c).

3

(quotation marks and citation omitted). I address below each category of costs the Homestead Defendants ask to recover.

A. Fees of the Clerk

"Fees of the clerk and marshal include filing fees and are clearly taxable." *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, *1 (M.D. Fla. Dec. 17, 2012) (citations omitted). Homestead Defendants seek to recover the $400.00 filing fee they paid to the Clerk to remove this action to this court. (ECF No. 269 at 4; ECF No. 269-3 at 16). Plaintiff argues that this fee is not recoverable because it is a discretionary cost, as Defendants chose to remove this action, and Plaintiff paid a filing fee to the Florida state court. (ECF No. 282 at 2). This objection is without merit.

Most courts in this District routinely award a removal fee to a prevailing defendant. *See e.g., Covington v. Arizona Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592 at *3 (S.D Fla. Jan. 25, 2011) (awarding removal filing fee "because the fee has been explicitly recognized as a taxable 'fee of the clerk' under 28 U.S.C. §1920(1)) (collecting cases); *Newman v. Housing Authority of City of Fort Lauderdale*, No. 06-60359, 2007 WL 315098 at *2 (S.D. Fla., Jan. 31, 2007) (removal fee "is unquestionably a fee of the clerk."); *Louis-Charles v. Public Health Trust of Miami-Dade County*, No. 15-cv-22372, 2015 WL 7351577 at *1 (S.D. Fla., Nov. 10, 2015) (collecting cases); *Guerra v. Southeastern Freight Lines, Inc.*, No. 13-22070-CIV, 2014 WL 6751589 at *5 (S.D. Fla., Aug. 8, 2014) (taxing removal fee under section 1920); *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1353-54 (S.D. Fla. 2009) (same). I recommend that the Court award Homestead

Defendants the **$400.00** removal fee.

### B. Fees for Service of Summons and Subpoenas

Homestead Defendants seek to recover $850.00 in private process server fees in connection with the service of four (4) subpoenas for deposition,[3] and ten (10) subpoenas for the production of documents.[4] (ECF No. 269 at 3-4; ECF No. 269-3 at 1-15). Plaintiff asserts that these fees are not recoverable because "each individual party must be responsible for their own separate legal cost." (ECF No. 282 at 2). Rule 54(d) says otherwise. It allows a prevailing party, such as Homestead Defendants, to recover those costs permitted under § 1920. "This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate service." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. May 14, 2007) (citing *U.S. E.E.O.C. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)).

At the time service of process occurred, the Marshals Service fee was $65 per hour for each item served. 28 C.F.R. § 0.114(a)(3). With two exceptions Homestead Defendants were charged $45.00 or less for service of each subpoena,[5] which is below the allowable

---

[3] The subpoenas for deposition were served upon Plaintiff's wife, Alexandra Turner (a/k/a Alexandra Murillo Madrid), and his doctors, Dr. Andrea Puech and Dr. Howard Pratt, all of whom Plaintiff identified in his list of witnesses to be called at trial, (ECF No. 65). Homestead Defendants had to serve Plaintiff's wife twice because she failed to appear at her originally scheduled deposition.

[4] Homestead Defendants sought documents from the records custodian of Plaintiff's current and former medical providers, as well as his former employer.

[5] Two records custodian subpoenas required service at two addresses: (1) Dr. Elizabeth Philippe, Martin Luther King Jr. Clinical Camesina, and (2) Joselene Joseph RN/Jackson Memorial Hospital, (ECF No. 269-3 at 4, 14). Homestead Defendants were charged $45.00 for service at

rate. Those fees, which total $510.00, are therefore properly awarded. In contrast, Homestead Defendants paid $125.00 for service upon the records custodians for GM Metal Fabrication Division and Blue Cross Blue Shield. (ECF No. 269-3 at 5-6). These fees exceed the Marshals Service rate, and I therefore recommend that the Court reduce the recoverable amount to $65.00 for each subpoena served. For the foregoing reasons, I recommend that the Court award Homestead Defendants **$640.00** in reasonable process server costs.

C. Fees for Transcripts

Homestead Defendants seek to recover costs for deposition transcripts totaling $3,960.40. (ECF No. 269 at 4-5; ECF No. 269-3 at 17-20). These transcripts are for the depositions of four witnesses: (i) Plaintiff, (ii) Dr. Pratt, (iii) Dr. Puech, and (iv) Plaintiff's wife. (*Id*.). Plaintiff argues that the cost of these transcripts is not recoverable because they were not "created as a result of a judicial court trial proceeding", and because Homestead Defendants allegedly took the depositions to "antagonize and harass" Plaintiff and "inflate the cost." (ECF No. 271 at 2; ECF No. 282 at 2). I cannot agree.

Taxation of deposition costs is authorized by §1920(2), as long as the depositions were "necessarily obtained for use in the case." *W & O, Inc*., 213 F.3d at 620-21. "A deposition taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case and its costs will be taxed unless the opposing party

---

each location (for a total of $90 for each records custodian), but they fail to explain why it was necessary to serve these witnesses at a second address. Accordingly, I recommend that the Court reduce the recoverable amount to $45.00 for service upon each witness, for a total of $90.00.

interposes a specific objection that the deposition was improperly taken or unduly prolonged." *Santana*, 2012 WL 3779013 at *5. It was wholly expected, routine and proper for the Homestead Defendants to take Plaintiff's deposition. Plaintiff brought this lawsuit and was a central participant in, and witness to, the events described in his Complaint. Of course, the Homestead Defendants chose to question Plaintiff under oath about the basis of his claims. Plainly, the purpose of the deposition was not to antagonize or harass Plaintiff.

The same is true with the respect to the other three witnesses. First, Plaintiff identified each of them in his witness list as individuals he intended to call at trial. (ECF No. 65). The Eleventh Circuit has made this clear:

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that [the prevailing party] might need the deposition transcripts to cross-examine the witnesses … and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.

*W&O, Inc.*, 213 F. 3d at 621. Second, Homestead Defendants relied upon the deposition transcripts of Plaintiff and Drs. Pratt and Puech in their motion for summary judgment, and this too renders those costs taxable. *Id*. ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (quotation marks and citation omitted).

While I conclude that Homestead Defendants are entitled to recover costs for these deposition transcripts, the associated invoices reflect some incidental charges which are not recoverable. In particular, Homestead Defendants seek to recover costs for condensed transcripts, word indices and exhibits, that total $574.90. (ECF No. 269-3 at 17-20). Courts

in this District routinely conclude that "costs incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. North Broward Medical Center*, No. 12-61867-CV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Homestead Defendants have not shown that these costs were necessary. I therefore conclude that the foregoing incidental charges were incurred for the convenience of counsel and should be excluded from a costs award. Based on the forgoing, I recommend that the Court award Homestead Defendants **$3,385.50** in reasonable transcript costs.

  D. Copying Costs

Homestead Defendants seek $103.69 in costs for making copies of Plaintiff's third-party medical records. (ECF No. 269 at 6; ECF No. 269-3 at 23-25). Section 1920 permits recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Courts have awarded costs for copies attributable to discovery and for use in preparation for trial. *See Vasquez v. Princess Cruise Lines, Ltd.*, No. 12-22022-CIV, 2013 WL 6858394, at *2 (S.D. Fla. Dec. 30, 2013) (citation omitted). Plaintiff does not specifically object to recovery of these costs. I agree that it was necessary for Homestead Defendants to make copies of Plaintiff's medical records because Plaintiff alleged that he "was both psychologically and physically traumatized" as a result of the Defendants' conduct. Accordingly, I recommend that the Court award Homestead Defendants **$103.69** in reasonable copying costs.

8

E.  Witness Fees

Homestead Defendants seek to recover $217.00 in witness fees, comprised of $67.00 paid to Plaintiff's wife and $150.00 paid to Dr. Puech,[6] in connection with their depositions. (ECF No. 269 at 5-6; ECF Nos. 1-2, 22). Plaintiff argues that these fees are "basic litigation fee[s] that each separate party must be responsible to pay." (ECF No. 282 at 3). However, as explained above, Homestead Defendants are entitled to recover costs under Rule 54(d), and § 1920(3) permits recovery of fees for non-party witnesses who appear in court or for deposition. *Regions Bank v. Chicago Title Ins. Co.*, No. 10-cv-80043, 2011 WL 13227933 at *2 (S.D. Fla. Dec. 12, 2011) (citations omitted).

Witness attendance fees are limited to the amount set forth in 28 U.S.C. § 1821(b), which is $40.00 per day plus mileage.[7] The witness fee paid to Plaintiff's wife, Alexandra Turner, properly reflects the flat $40.00 attendance fee plus mileage. The witness fee paid to Dr. Peuch, however, exceeds the allowable amount. Federal courts may tax expert witness fees in excess of the limit set out in § 1821(b) only when the witness is court appointed. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Dr. Peuch was not appointed by the Court and therefore, reimbursement of her appearance fee is limited to $40.00. *See Morrison v. Reichold Chemicals*, 97 F.3d 460, 463 (11th Cir. 1996) (reimbursement to prevailing party for fees paid to expert for appearance at

---

[6] This amount represents one-half of Dr. Puech's expert fee because Homestead Defendants split the total cost with the School Defendants. (ECF No. 269 at 6; ECF No. 269-3 at 22).

[7] At the time of these depositions, the applicable standard mileage rate was 58 cents per mile. *See* "IRS issues standard mileage rates for 2019" (Dec. 14, 2018), www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2019

9

deposition in excess of the $40.00 per day fee allowed under § 1821 is improper). Accordingly, I recommend that the Court award Homestead Defendants **$107.00** in witness fees.

    F.  Interpreter Fees

Homestead Defendants seek to recover $460.00 paid to an interpreter for the deposition of Plaintiff's wife. (ECF No. 269 at 6; ECF No. 269-3 at 26). Plaintiff does not dispute that an interpreter was necessary. Instead, he argues that I previously awarded this cost to Homestead Defendants as a sanction. (ECF No. 282 at 3). Plaintiff is mistaken. I did award Homestead Defendants their reasonable expenses, which included the cost of an interpreter, when Mrs. Turner failed to appear at her originally scheduled deposition. (ECF No. 170). However, Homestead Defendants subsequently took Mrs. Turner's deposition, and the interpreter fee at issue here is for that deposition, which took place. Thus, Homestead Defendants are not "trying to collect twice on this fee." (ECF No. 282 at 3).

The plain language of § 1920(6) authorizes the recovery of interpreter fees. *See* 28 U.S.C. § 1920(6) (the prevailing party may recover the cost of "compensation of interpreters"). Plaintiff does not challenge the amount of the interpreter's fee, which I find to be reasonable. Accordingly, I recommend that the Court award Homestead Defendants **$460.00** in interpreter costs.

**III.**  **Conclusion and Recommendation**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the City of Homestead's and Homestead Police Department's Motion to Tax Costs (ECF No. 269), be **GRANTED IN PART** and that the Court award City of Homestead and Homestead Police

Department **$5,096.19** in reasonable costs.

## IV.   Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Darrin P. Gayles, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 9th day of November 2020.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Darrin P. Gayles
    Counsel of record
    Mark Turner, *pro se*