UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-24005-GAYLES/MCALILEY

**MARK A. TURNER**,

      Plaintiff,

v.

**CHARTER SCHOOLS USA, INC.,
HOMESTEAD POLICE DEPARTMENT,
KEYS GATE CHARTER SCHOOL, and
CITY OF HOMESTEAD**,

      Defendants.

_____/

## **ORDER**

    **THIS CAUSE** comes before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendation (the "Report"), [ECF No. 318], regarding Defendants Homestead Police Department and City of Homestead's (collectively, "Defendants") Motion to Tax Costs (the "Motion"), [ECF No. 269]. The Court referred this matter to Judge McAliley, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pre-trial, non-dispositive motions and for a report and recommendation on any dispositive motions. [ECF No. 76].

    On April 6, 2020, the Court entered a Final Judgment as to all named defendants in this action. [ECF No. 259]. On May 5, 2020, Defendants filed the instant Motion seeking an award of $5,991.09 in taxable costs against Plaintiff Mark A. Turner. [ECF No. 269]. On May 6, 2020, Plaintiff filed an "Objection and Request for Removal" in opposition to the Motion. [ECF No. 271]. On May 13, 2020, Defendants filed their Reply. [ECF No. 274]. On November 9, 2020, Judge McAliley issued her Report, which recommends that the Court grant in part Defendants'

Motion and enter an award of $5,096.19 in reasonable costs in favor of Defendants and against Plaintiff. [ECF No. 318 at 10–11]. The total costs consist of: (1) a $400.00 removal fee; (2) $640.00 in reasonable process server costs; (3) $3,385.50 in reasonable transcript costs; (4) $103.69 in reasonable copying costs; (5) $107.00 in witness fees; and (6) $460.00 in interpreter costs. On November 17, 2020, Plaintiff filed his Objection to the Report, re-alleging—as he did in his "Objection and Request for Removal" of the Motion—that Defendants untimely filed their Motion. [ECF No. 321 at 1]; *see also* [ECF No. 271 at 2].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has conducted a *de novo* review of the Report, the Motion, and the record, and agrees with Judge McAliley's well-reasoned analysis and conclusion that the Court grant in part Defendants' Motion and enter an award of $5,096.19 in reasonable costs in favor of Defendants and against Plaintiff.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Magistrate Judge Chris M. McAliley's Report and Recommendation, [ECF No. 318], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2.     Defendants Homestead Police Department and City of Homestead's Motion to Tax

Costs, [ECF No. 269], is **GRANTED in part**.

3.     Defendants Homestead Police Department and City of Homestead shall be awarded

**$5,096.19** in reasonable costs, which Defendants shall recover from Plaintiff Mark

A. Turner, and which consists of:

a.     a **$400.00** removal fee;

b.     **$640.00** in reasonable process server costs;

c.     **$3,385.50** in reasonable transcript costs;

d.     **$103.69** in reasonable copying costs;

e.     **$107.00** in witness fees; and

f.     **$460.00** in interpreter costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE